# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CALEB YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  4:24-cv-01636-ACL |
| | ) |
| SCHNUCK MARKETS, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Caleb Young's application to proceed in the district court without prepayment of fees and costs. The Court will grant the application. Furthermore, on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss plaintiff's complaint as frivolous pursuant to the Supreme Court's decision in *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B)(i), the Court must conduct an initial review of a complaint that was filed by an indigent plaintiff. The Court must dismiss the complaint or any portion thereof if it is frivolous or malicious. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

**The Complaint**

Plaintiff, a citizen of Kentucky, has filed a civil complaint on a Court-provided form alleging state law negligence against Schnucks Markets. He invokes the Court's diversity jurisdiction. Because his allegations are concise, the Court will quote them in full:

> The Plaintiff, Caleb Young, purchased food from the Defendant Schnuck Markets, Inc., on October 2, 2024. The food contained mold, which the Plaintiff consumed, leading to his diagnosis of liver cancer. Despite undergoing surgery for liver cancer, the Plaintiff, Caleb Young, has not been cured. The Plaintiff made the purchase at Schnuck Markets located at 4171 Lindell Blvd, St. Louis, MO 63108.

ECF No. 1 at 5. Plaintiff filed his complaint on December 4, 2024, two months after he alleges he purchased the moldy food. Based on his allegations, it appears that at the time of filing, he had already been diagnosed with liver cancer and had undergone surgery.

For relief, plaintiff seeks more than $3.7 trillion in damages for medical expenses, lost future earnings, pain and suffering, and punitive damages.

**Discussion**

Under Missouri law, the general elements of negligence are: (1) a legal duty owed to plaintiff by defendant; (2) breach of that duty; (3) proximate cause; and (4) injury. *See Campbell v. Baxter Int'l, Inc.*, 697 S.W.3d 36, 42 (Mo. Ct. App. 2024). "Proximate cause means the [plaintiff's] injury must be a reasonable and probable consequence of the act or omission of the defendant." *Id.* at 43 (internal quotations omitted). This requirement ensures defendants are not held liable for events "too far removed from the ultimate injury or damage." *Id.* "Proximate cause becomes a question of law for the court when the evidence connecting the plaintiff's injury to the defendant's negligence amounts to 'mere conjecture and speculation.'" *Id.* (quoting *Vescovo v. Kingsland*, 628 S.W.3d 645, 665 (Mo. Ct. App. 2020)).

Here, plaintiff alleges that he ate moldy food bought from Schnucks Markets on October 2, 2024. He states this caused him to be diagnosed with liver cancer and undergo surgery before December 4, 2024. He seeks $3.7 trillion in damages. The Court finds that plaintiff's allegations of proximate cause rise to the level of the irrational and wholly incredible under *Denton*. Under Supreme Court precedent, the Court has the power to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" without "judicially noticeable facts available to contradict them." *Neitzke*, 490 U.S. at 327. The Court finds that plaintiff's allegations of proximate cause are factually frivolous and he has failed to state plausible legal claims. Thus, the Court will dismiss this action without prejudice under §1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**.

A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this  28th day of  March,  2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE